IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES *ex rel.* WEIFIELD GROUP CONTRACTING, LLC, a Colorado limited liability company,

Plaintiff,

v.

OHIO CASUALTY INSURANCE COMPANY, a New Hampshire corporation; and JHL INDUSTRIAL SERVICES LLC d/b/a PLATT ROGERS CONSTRUCTION, a Colorado limited liability company;

Defendants.

Case No. ______________

**COMPLAINT**

Use Plaintiff, Weifield Group Contracting, LLC ("Weifield"), brings this case pursuant to 40 U.S.C. § 3131 *et seq.* and for its Complaint against Defendants Ohio Casualty Insurance Company and JHL Industrial Services LLC d/b/a Platt Rogers Construction (collectively, the Defendants") states and alleges as follows:

**STATEMENT OF PARTIES**

1. The United States of America is nominally named as Plaintiff pursuant to 40 U.S.C. § 3133(b).

2. Use Plaintiff, Weifield, is a Colorado limited liability company that makes its principal place of business at 146 Yuma Street, Denver, Colorado 80223.

3. Upon information and belief, Defendant JHL Industrial Services LLC d/b/a Platt Rogers Construction ("Platt Rogers") is a Colorado limited liability company that makes its principal place of business at 12211 W. Alameda Parkway, Suite 200, Lakewood, Colorado 80228.

4. Upon information and belief, Defendant Ohio Casualty Insurance Company ("Ohio Casualty") is a New Hampshire corporation that makes its principal place of business at 62 Maple Avenue, Keene, New Hampshire 03431 and that lists its registered agent as the Colorado Division of Insurance, 1560 Broadway, Suite 850, Denver, Colorado 80202

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction of this action under the Miller Act, 40 U.S.C. § 3133(b)(3),and 28 U.S.C. §§ 1331, 1345, 1352, and 1367. Weifield also invokes the pendant and supplemental jurisdiction of this Court as to any claims or causes of action that are not subject to the Miller Act, such claims presenting substantial issues before this Court. Any and all claims found pendant are joined in this action as being derived from the common operative facts of the Miller Act claims described herein.

6. This action arises out of construction work performed in the State of Colorado and a payment bond that Ohio Casualty issued in reference to such construction work. Defendants were at all times material to the allegations of this Complaint doing business in the State of Colorado, and Defendants otherwise failed to perform acts required to be performed by agreement and otherwise in the State of Colorado. This Court has personal jurisdiction over the defendants and each of them because each defendant has established sufficient minimum contacts with the forum, and the exercise of jurisdiction over the defendants and each of them would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b) and 40 U.S.C. § 3133(b)(3)(B) because this is a civil action based upon the Miller Act, the United States property at issue is located in the State of Colorado, and this was the district where the subject contracts at issue were to be performed and executed.

8. All conditions precedent to bringing this action have been performed, waived, or have otherwise been satisfied or occurred.

## GENERAL ALLEGATIONS

9. Upon information and belief, the Hartland/Mass Joint Venture, LLC, 1085 Corral Valley Road, Colorado Springs, CO 80929 (the "Joint Venture") entered into a contract, Contract No. W9128F-12-D0040 ("Prime Contract"), with the United States of America, through the U.S. Army Corps of Engineers ("USACE"), in which the Joint Venture agreed to furnish labor, materials, preconstruction services, and other services in prosecution of the work provided for in the Prime Contract and to perform all work required for the construction, alteration, or improvements to the construction project known as Office/Storage Building for 13th CAB Complex, Land Vehicle Fueling Facility, USACE Contract No. W9128F-12-D0040 (the "Project"), which was and is a public building or public work within the meaning of the Miller Act, 40 U.S.C. §§ 3131 *et seq*.

10. The Prime Contract is for an amount in excess of $100,000.

11. Upon information and belief, the Joint Venture entered into a subcontract with Platt Rogers for the construction of a part of the Project and performance of a portion of the construction services required under the Prime Contract (the "First Tier Subcontract").

12. On or about August 6, 2012, Weifield entered into a subcontract with Platt Rogers (the "Weifield Subcontract") for performance of a portion of the work of the First Tier Subcontract as more fully described in the Weifield Subcontract in consideration for payment of amounts as set forth in the Weifield Subcontract. A true and correct copy of the Weifield Subcontract agreement (without attachments) is attached hereto and incorporated herein by this reference as Exhibit "A".

13. The Subcontract provided, among other things, that Weifield would furnish labor and materials necessary for the performance of specified electrical construction and other construction services in accordance with the requirements of the First Tier Subcontract and the Prime Contract, and that Platt Rogers would pay Weifield for such services.

14. Of the labor and materials that Weifield furnished pursuant to the Weifield Subcontract, a balance of $63,660.00 currently remains due and owing to Weifield.

15. The Joint Venture is the principal on the Miller Act payment bond in the aggregate penal sum of not less than $3,212,300 (the "Miller Act Bond") issued by Ohio Casualty to secure the payment rights of Weifield and other subcontractors to payment for work performed on the Project.

16. A true and correct copy of the Miller Act Bond is attached hereto and incorporated herein by this reference as Exhibit "B".

17. The Miller Act, 40 U.S.C. §§ 3131 *et seq.* governs and applies to this action.

18. During the course of performance of its Subcontract with Platt Rogers, Weifield furnished labor and materials as a subcontractor to Platt Rogers in carrying out the work provided for in the Prime Contract and is therefore a person protected by the Miller Act and is entitled to make a claim on the Miller Act Bond.

19. Weifield timely furnished to the Joint Venture, Platt Rogers, and Ohio Casualty all required notifications under the Miller Act, if any.

20. Weifield provided the labor and materials required under the terms of the Weifield Subcontract and fully performed all its obligations under the Weifield Subcontract but Platt Rogers has failed and refused to make payment to Weifield as required under the Weifield Subcontract.

21. Weifield last performed labor and/or furnished materials under the Weifield Subcontract less than one year from the date of commencement of this action.

22. Weifield has performed all applicable conditions precedent to the commencement of this action under the terms of the Subcontract.

23. Despite due and proper demand, Platt Rogers has failed and refused to pay to Weifield all amounts due for work performed by Weifield pursuant to the Weifield Subcontract.

## FIRST CLAIM FOR RELIEF
**(Claim on the Miller Act Bond – Platt Rogers and Ohio Casualty)**

24. Weifield hereby re-alleges, restates, and incorporates by this reference allegations set forth above in the foregoing paragraphs as if fully restated herein.

25. Less than one year has elapsed from the date on which Weifield last furnished labor, materials, or both to the Project in prosecution of the work of the Weifield Subcontract.

26. Pursuant to the Miller Act, Ohio Casualty, as surety, and the Joint Venture, as principal, executed the Miller Act Bond as required by the Miller Act under which Ohio Casualty and the Joint Venture in their respective capacities as surety and principal, bound themselves jointly and severally, upon condition that the Joint Venture would promptly make payment to all persons supplying labor, materials, or both in the prosecution of the work provided for in the Prime Contract and the work that Platt Rogers subcontracted to Weifield, as such agreements were modified from time to time.

27. Thereafter, the Miller Act Bond was delivered to the United States of America and accepted by it, and the Prime Contract was awarded to the Joint Venture.

28. Weifield performed labor for and supplied material to Platt Rogers with the good faith belief that such labor and materials were intended for use on the Project.

29. The sum of $63,660.00 is due and owing and unpaid for the labor and materials that Weifield furnished to Platt Rogers for the Project.

30. Platt Rogers has not paid Weifield the principal sum of $63,660.00, the amount owed to Weifield by Platt Rogers. By refusing and failing to pay amounts due and owing to Weifield, Platt Rogers and Ohio Casualty have breached their payment obligations under the terms of the Miller Act Bond.

31. All conditions precedent to the commencement and maintenance of this action have been performed by Weifield.

32. Ohio Casualty is jointly and severally liable to Weifield to the extent of the penal sums of the Miller Act Bond.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract –Platt Rogers)**

33. Weifield hereby re-alleges, restates, incorporates by this reference all allegations set forth above in the foregoing paragraphs as if fully restated herein.

34. Pursuant to the terms of the Weifield Subcontract, Weifield provided labor and materials to Platt Rogers in performance of the requirements of the Prime Contract and the First Tier Subcontract for construction of the Project.

35. Weifield satisfied its obligations under the Weifield Subcontract and is entitled to payment from Platt Rogers.

36. Pursuant to the Weifield Subcontract, Platt Rogers was obligated to make payment to Weifield for the labor and materials provided by Weifield to Platt Rogers in performance of the requirements of the First Tier Subcontract and the Prime Contract for construction of the Project.

37. Weifield requested payment of outstanding sums due it for the labor and materials provided by Weifield to and at the request of Platt Rogers for construction of the Project. Contrary to and in material breach of the terms of the Subcontract, Platt Rogers failed or refused to pay Weifield the balance of the sums due and owing to Weifield for having furnished such labor and materials to Platt Rogers in performance of the requirements of the First Tier Subcontract and the Prime Contract for construction of the Project.

**THIRD CLAIM FOR RELIEF**
**(Breach of Implied Contract / Quantum Meruit –Platt Rogers)**

38. Weifield hereby re-alleges, restates, incorporates by this reference all allegations set forth above in the foregoing paragraphs as if fully restated herein.

39. Weifield, at the insistence and request of Platt Rogers, provided labor and materials to Platt Rogers in connection with Platt Rogers' performance of the First Tier Subcontract and the Prime Contract work.

40. Platt Rogers requested, accepted, and appreciated the benefit of Weifield's labor and materials expecting to pay for them or under circumstances disclosing that it knew or should have known that Weifield expected to be paid for them and under such circumstances that it would be inequitable for Platt Rogers and Ohio Casualty to retain the benefit without payment of the reasonable value of such labor and materials.

41. Weifield's labor and materials conferred a benefit on Platt Rogers and on the Project.

42. The reasonable value of Weifield's labor and material remaining due and owing to Weifield is $63,660.00.

43. Platt Rogers failed or refused to pay the reasonable value of Weifield's labor and materials though demand has been made upon it for such payment, and Weifield has been damaged in the sum of $63,660.00 together with interest thereon, attorneys' fees, and the costs of prosecution of this action.

44. All conditions precedent to the commencement and maintenance of this action have been performed or have occurred.

Use Plaintiff Weifield Group Contracting, LLC prays for judgment against Platt Rogers and Ohio Casualty in the amount of not less than $63,660.00 together with interest as allowed by law, costs incurred herein, reasonable attorneys fees, and any and all other and further relief that the Court may deem just, proper, and equitable.

DATED this 3rd day of November, 2014.

WEIFIELD GROUP CONTRACTING, LLC, Use Plaintiff,

By: /s/ Kory D. George

Kory D. George, No. 41058
Colin P. Baumchen, No. 44834
WOODS & AITKEN LLP
8055 E. Tufts Ave., Suite 525
Denver, Colorado 80237
Telephone: (303) 606-6700
Fax: (303) 606-6701
E-Mail: kgeorge@woodsaitken.com
E-Mail: cbaumchen@woodsaitken.com