**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-02758-CMA-KMT (consolidated for all purposes with Civil Action No. 14-cv-02976-CMA-KMT)

JHL INDUSTRIAL SERVICES, LLC, a Colorado Limited Liability Company,
United States of America, for the use and benefit of,
d/b/a Platt Rogers Construction,

    Plaintiff,

v.

MASS SERVICE & SUPPLY, LLC,
HARTLAND EXCAVATION, INC.,
HARTLAND/MASS JOINT VENTURE, LLC,
OHIO CASUALTY INSURANCE COMPANY,
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

    Defendants.

HARTLAND EXCAVATION, INC.,
HARTLAND/MASS JOINT VENTURE, LLC,
MASS SERVICE & SUPPLY, LLC,

    Counter Claimants,

v.

JHL INDUSTRIAL SERVICES, LLC., a Colorado Limited Liability Company,
United States of America, for the use and benefit of,
d/b/a Platt Rogers Construction,

    Counter Defendant,

v.

Weifield Group Contracting, LLC,

    Consolidated Claimant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING COLSOLIDATION (DOC. # 44)**

This matter is before the Court on Plaintiff's motion for reconsideration of the Court's prior order denying Plaintiff's motion to consolidate this case with case number 14-cv-2976-CMA-KMT.  For the reasons set forth below, Plaintiff's motion is granted and this case is consolidated with case number 14-cv-2976-CMA-KMT.

## I.     BACKGROUND

Both cases proposed for consolidation arise out of a construction project managed by the U.S. Army Corps of Engineers to build a land vehicle fueling facility at Fort Carson.  Hartland/Mass Joint Venture, LLC ("Hartland/Mass") was hired as the prime contractor on the project.  Hartland/Mass entered into several subcontract agreements with JHL Industrial Services, LLC d/b/a Platt Rogers Construction ("Platt Rogers").  Platt Rogers, in turn, entered into a subcontract agreement with Weifield Group Contracting, LLC ("Weifield") for certain electrical work.  The present matter—case number 14-cv-2758—involves a dispute between Hartland/Mass and Platt Rogers over work that was (or should be been) completed on the project and the payment for such work.  Case number 14-cv-2976 involves a dispute between Platt Rogers and Weifield over Platt Rogers' alleged non-payment.

## II.     ANALYSIS

Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  The objective of Rule 42 is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." 9A Wright & Miller, Federal Practice &

Procedure § 2381 (3d ed. 2015). In the District of Colorado, the district judge assigned the lowest numbered case decides the motion to consolidate and, if the motion is granted, is reassigned the consolidated cases. D.C.COLO.LCivR 42.1.

After reviewing the legal and factual issues raised in both cases, the Court concludes that common questions of law and fact are present and such that consolidation would be the most efficient manner of proceeding with both cases.[1] For example, one of the factual issues alleged by Hartland/Mass in case number 14-cv-2758 is that Weifield's electrical work was defective and needed to be repaired. Based on this allegation, Hartland/Mass argues that it was justified in withholding certain payment from Platt Rogers. In turn, Platt Rogers asserts in case number 14-cv-2976 that it justifiably withheld payment from Weifield because it did not receive full payment from Hartland/Mass. Therefore, the quality of Weifield's work is a common question of fact in both cases. This is just one example of the common legal and factual issues present in both cases.

### III.   CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion for Reconsideration of Order Denying Consolidation (Doc. # 44) is GRANTED. It is

FURTHER ORDERED Case 1:14-cv-02758-CMA-KMT is consolidated with Case 1:14-cv-02976-CMA-KMT for all purposes. It is

---

[1] The Court notes that Chief Judge Marcia Krieger, who was initially assigned case number 14-cv-2976, agrees that transfer and consolidation is the most efficient manner of moving forward with these cases. On October 21, 2015, Judge Krieger entered an order transferring case number 14-cv-2976 to this Court.

FURTHER ORDERED that Case 1:14-cv-02976 is no longer referred to Magistrate Judge Kristen L. Mix and, instead, is referred to Magistrate Judge Kathleen M. Tafoya. All motions that were referred to Magistrate Judge Mix in case number 14-cv-2976 (Doc. ## 50, 53, and 57) are now referred to Magistrate Judge Tafoya. It is

FURTHER ORDERED that all future filings in these consolidated actions shall be filed only in the lead case (14-cv-2758). It is

FURTHER ORDERED that all future filings in these consolidated actions shall be captioned as set forth above.

DATED: October 29, 2015

BY THE COURT:

*[signature]*

CHRISTINE M. ARGUELLO
United States District Judge